### Irvin Halsell v. The State.

No. 3805.  Decided October 16, 1907.
Rehearing denied May 20, 1908.

**1.—Aggravated Assault—Charge of Court—Assault to Rape.**

Upon trial for assault with intent to rape, the submission by the court of the issue of aggravated assault only was in effect a dismissal of the graver offense, and there was no error that the court did not require a finding as to assault with intent to rape.

**2.—Same—Charge of Court—Sense of Shame.**

Where upon trial for assault with intent to rape the evidence did not sufficiently present an issue on the question of constraint and the sense of shame as an element of assault, the court was not required to give an instruction on that subject.

Appeal from the District Court of Atascosa. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and one month confinement in the county jail.

The opinion states the case.

*Geo. W. Martin* and *W. W. Walling*, for appellant.—On question of charge on sense of shame: Hawes v. State, 44 S. W. Rep., 1094; Crawford v. State, 21 Texas Crim. App., 454.

*F. J. McCord*, Assistant Attorney-General, for the state.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25 and one months imprisonment in the county jail; and prosecutes this appeal.

The indictment is for an assault with intent to rape, and the conviction is for an aggravated assault. The charge of the court only submitted the issue of an aggravated assault. Appellant complains that the court should have required a finding as to assault with intent to rape. We do not think this contention is sound. The submission by the court of the issue of aggravated assault only was in effect a dismissal of the graver offense.

Appellant also contends that the court should have given his special requested instruction to the effect that unless the jury believe beyond a reasonable doubt that what appellant did produced a sense of shame or constraint on the part of prosecutrix, to acquit appellant. Appellant bases this contention on testimony of the prosecutrix, and he says that shows that no sense of shame or constraint was produced, or at least the testimony left it in such doubt as that the court should have given the requested instruction. We are referred, in this connection, to the statement of prosecutrix contained in her testimony to the effect that if she had known who it was who placed his hand on her she would have thought nothing of it, and would have asked him what he wanted. The facts in regard to the alleged assault are as follows: That prosecutrix Mary Francis Nixon, a girl then 16 years old, was sleeping in the same room with her father and brother, but in a separate bed. Defendant was an inmate of the house and slept in another room. Sometime during the night, as she relates, about ten o'clock, the defendant came to her bed, pulled down the cover off of her body, "put one hand on my waist in the opening of my gown next to my skin and started to raise my night clothes with his other hand. I pushed his hand off my waist when he started to place it back, when I called to my father that some one was at my bed. My father jumped out of bed with his pistol and asked who it was. The party did not reply, but went under the bed and out of the door, and father shot at him twice, once as he went under the bed, and once as he went out of the door."

On cross-examination this witness says that she and appellant were quite intimate, he being an inmate of the house, and they were often thrown together alone, and he had never previously insulted her. She also stated that she did not know who it was that put his hand on her waist; if she had known it was the defendant she would have thought nothing of it, and would herself have asked what he wanted. Subsequently she denied making this statement.

Appellant's testimony, in this connection, is that he saw an owl light on a tree in the yard, and he went back into the room to get his gun, which was beyond her bed, and that in reaching for it he put his hand, as he thought, on her arm, which was accidental. This is a statement of the case.

The question presented is, was the requested charge of the court re-

quired.  It will be observed, that the court did give a charge predicated on appellant's testimony to the effect that if he accidentally put his hand on prosecutrix' arm in endeavoring to get his gun to acquit him. We think it is evident from the statement of the prosecutrix, and the jury believed her, that appellant did not place his hand on her arm but placed it on her flesh in the opening of her gown, and when she removed it he undertook to place it back there again, when she cried out to her father.  We think the circumstances sufficiently indicate a sense of shame and constraint, no matter whether prosecutrix knew who it was or not. While she did testify that if she had known who it was she would have thought nothing of it, she evidently referred to the fact that if she had known that appellant was there trying to get his gun, as he testified, she would have thought nothing of it.  However that may be, we do not believe this record sufficiently presents an issue on the question of constraint and a sense of shame as an element of assault to have required the court to give an instruction on that subject.  Appellant denied the prosecutrix' testimony, and claimed that he had accidentally put his hand on her arm in reaching for his gun.  This defense was sufficiently given to the jury, and we believe was all that was required.

We do not think the court was required to give a charge on simple assault.

There being no errors in the record, the judgment is affirmed.

Davidson, Presiding Judge, absent.

*Affirmed.*

[Rehearing denied May 20, 1908.—Reporter.]